UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BOBBY NUNN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>NFL ENTERPRISES, LLC, a New York limited liability company; NBCUNIVERSAL MEDIA, LLC; a New York limited liability company; and DOES 1 THROUGH 20,<br><br>Defendants. | Case No.: _____ |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
**TRIAL BY JURY DEMANDED**

Plaintiff, Bobby Nunn ("Nunn"), by and through his undersigned attorneys, hereby prays to this Honorable Court for relief based on the following:

## INTRODUCTION

Nunn is an American R&B music producer, songwriter, and vocalist. Early on, he played keyboard for and sang background with luminaries such as Rick James. The lead single from his second album, "She's Just a Groupie," was a smash hit, peaking at number 15 on Billboard's R&B singles chart. This song maintained its popularity; its chorus was later featured in Snoop Dogg's "Groupie." Nunn went on to work as a writer and producer, penning "Thank You" for Philip Bailey's Grammy-winning album *Triumph,* as well as working on the Temptations' *Reunion* album. In the late 1980s, Nunn wrote and produced the 1988 top five Grammy nominated song "Rocket 2U," the song in question in this case. He brings this action to address the below-described infringement.

## PARTIES

1. At all relevant times, Nunn was an individual residing in the state of California.

2. Plaintiff is informed and believes and thereon alleges that Defendant NFL Enterprises, LLC ("NFL") is a limited liability company organized and existing under the laws of the State of New York with its principal place of business located at 345 Park Avenue, 5th Floor, New York, New York 10154 and is doing business with the State of New York.

3. Plaintiff is informed and believes and thereon alleges that Defendant NBCUniversal Media LLC is a limited liability company organized and existing under the laws of the State of New York with its principal place of business located at 30 Rockefeller Plaza, New York, New York 10112 and is doing business with the State of New York.

4. Plaintiff is unaware of the true names and capacities of the defendants sued herein as DOES 1 through 20, inclusive, and for that reason, sue defendant(s) under such fictitious names. Plaintiff is informed and believes and based thereon alleges that such fictitiously named defendants are responsible in some manner for the occurrences alleged

herein, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named defendants are ascertained. As alleged herein, the term "Defendants" shall mean all named defendants and all fictitiously named defendants.

## JURISDICTION AND VENUE

5. This Court has personal jurisdiction over each and every one of the Defendants. Venue in this Court is proper under 28 U.S.C. § 1391(c) and 1400(a) because one or more Defendants reside and/or carry on business here, and the wrongful acts of Defendants took place, in whole or in part, in this District.

6. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

7. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

## GENERAL FACTUAL ALLEGATIONS

8. Nunn is the writer and copyright owner of the musical composition for the song "Rocket 2U" (the "Subject Work"), which he created and which was recorded by the Jets in 1988.

9. Nunn registered the composition and for the Subject Work with the United States Copyright Office.

10. Nunn is the sole owner of the copyrights at issue.

11. Since its initial release and publication, "Rocket 2U" has been widely distributed, performed, shared, and heard online and on social media.

12. Defendants have had repeated and continuing access to the Subject Work in various ways including streaming services, websites and social media. Without limiting the access and knowledge of other Defendants, Nunn is informed and believes and thereon alleges that, at all relevant times, NFL, NBC, and their agents were specifically aware of "Rocket 2U."

13.     Plaintiff alleges on information and belief that Defendants have continuously and repeatedly infringed, and are presently infringing, Nunn's copyright in the Subject Work, by, inter alia, distributing, performing, and broadcasting the work during broadcasts of NFL games on NBC.

14.     Plaintiff alleges on information and belief that Defendants exploited the Subject Work during numerous broadcasts, streams, and other distributions of its sports programming, including, without limitation, a January 3, 2022 during a game between Minnesota and Green Bay. A screen capture depicting one instance during Defendant's program when the Subject Work was exploited without consent is set forth below:



15.     All broadcasts, streams, and distributions by Defendants, and each of them, without Plaintiff's consent, will be collectively referred to as "Infringing Works" herein.

16.     No license exists between Nunn, NFL, or NBC relating to the infringing use at issue.

17.     On January 26, 2022, Nunn contacted NFL and NBC to notify them of the infringing use of the Subject Work. Defendants denied infringement, necessitating this action.

**FIRST CLAIM FOR RELIEF**

(For Direct Copyright Infringement – Against All Defendants)

18. Nunn repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

19. Nunn owns the copyright in the Subject Work which was registered with the United States Copyright Office before the occurrence of the infringement claimed herein.

20. Defendants' unauthorized reproduction, distribution, public performance, display, and broadcast of the Subject Work infringes Nunn exclusive rights in violation of the Copyright Act, particularly those set forth at 17 U.S.C. § 106.

21. Defendants did not seek or receive permission to copy, take, sample, reproduce, stream, distribute, or broadcast any portion of the Subject Work when creating and exploiting the Infringing Works. Yet, on information and belief it is alleged that Defendants created and distributed numerous shows, assets, and programs that incorporated the Subject Work without Plaintiff's consent.

22. Defendants' conduct has, at all times, been, and continues to be, knowing, willful, and with complete disregard to Nunn's rights.

23. As a proximate cause of Defendants' wrongful conduct, Nunn has been damaged and irreparably harmed.

24. Nunn is informed and believes and based thereon alleges that Defendants, and each of them, had access to the Subject Work, including, without limitation, through (a) the recordings of the Subject Work, (b) streaming the Subject Work online, and (c) listening to the Subject Work through a third party service. Nunn further alleges that the verbatim copying further establishes access.

25. Nunn is informed and believes and thereon allege that Defendants, and each of them, broadcast, streamed, marketed, sold, and/or distributed recordings of the Subject Work, and exploited said work on television, online, in VOD and SVOD services, and in broadcasting.

26. Nunn is informed and believes and thereon allege that Defendants, and each of them, infringed Nunn's rights by exploiting and broadcasting the Subject Work without Nunn's consent.

27. Due to Defendants' acts of copyright infringement as alleged herein, Plaintiff has lost profits, revenues, and royalties, and suffered damage to his licensing markets.

28. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Nunn's rights in the Subject Work. As such, Nunn is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Nunn's rights in the Subject Work in an amount to be established at trial.

29. Nunn is entitled to elect actual damages, including the substantial profits of Defendants, or in the alternative statutory damages pursuant to 17 U.S.C. § 504, in an amount to be proven at trial.

30. Nunn is entitled to his costs, including reasonable attorneys' fees.

31. Defendants' conduct is causing and, unless enjoined by this Court, will continue to cause Nunn irreparable injury that cannot be fully compensated or measured in monetary terms. Pursuant to 17 U.S.C. § 502, Nunn is entitled to a permanent injunction prohibiting the reproduction, distribution, sale, public performance or other use or exploitation of the Infringing Work, including the Subject Work.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Nunn respectfully prays for judgment against all Defendants, and each of them individually, as follows:

a. A declaration that Defendants have infringed Nunn's copyrighted musical work in violation of the Copyright Act;

b. A declaration that Defendants are liable for copyright infringement;

c. A permanent injunction requiring Defendants and their agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with each or any one of them, to cease directly and indirectly infringing, and causing, enabling, facilitating, encouraging, promoting, inducing, and/or participating in the infringement of any of Nunn's rights protected by the Copyright Act;

d. That a constructive trust be entered over the infringing work and any revenues realized through the exploitation of the infringing work;

e. For either statutory damages;

f. For the actual damages sustained by Nunn;

g. For an accounting and the disgorgement of any profits realized by the Defendants, and each of them, though the exploitation without consent of the Subject Work;

h. For injunctive relief from any and all present and/or future exploitation;

i. For restitutionary damages;

j. For prejudgment and postjudgment interest;

k. For attorney's fees, where applicable, interest, and costs of suit; and

l. For such other and further relief as to this Court seems just and proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: July 13, 2022    By:    */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
Laura M. Zaharia, Esq.
DONIGER / BURROUGHS
247 Water Street, First Floor
New York, New York 10038
scott@donigerlawfirm.com
lzaharia@donigerlawfirm.com
(310) 590-1820
Attorney for Plaintiff
*Bobby Nunn*